IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Grady W. Powers,  ) | |
| ) | Civil Action No. 3:05-3460-HMH-JRM |
| Petitioner,  ) | |
| ) | |
| vs.  ) | |
| ) | |
| ) | |
| John LaManna, Warden, FCI  ) | **REPORT AND RECOMMENDATION** |
| Edgefield, Attorney General,  ) | |
| State of South Carolina,  ) | |
| ) | |
| Respondents.  ) | |
| ) | |

Petitioner, Grady W. Powers ("Powers"), is an inmate at FCI-Edgefield. On December 8, 2005,[1] Powers filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In this petition, Powers seeks to collaterally attack a 1984 state conviction which was used to enhance the federal sentence he is presently serving. Therefore, the undersigned ordered that the Attorney General of South Carolina be served with a copy of the petition. Respondents filed a motion for summary judgment on February 15, 2006 by the Attorney General. The motion is supported by copies of portions fo the state court record. Because Powers is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on February 27, 2006. Powers filed a response on February 24, 2006.

The record shows that:

1. On June 13, 1984, Powers pled guilty to possession of a sawed-off shotgun and drug offenses in Spartanburg County.

---

[1] This is the Houston v. Lack, 487 U.S. 266 (1988) "delivery" date. See order filed December 27, 2005.

2. He was sentenced to an active term of incarceration followed by five years probation.

3. Powers was represented by E.C. Burnet, Jr.

4. No direct appeal was filed.

5. Powers served his custodial sentence and was released to probation.

6. In 1993, Powers was convicted in federal court and sentenced to imprisonment for 480 months. He has remained in federal custody since that time.

7. In 1995, Powers' state probation was revoked and he was sentenced to serve the remainder of his state sentence, 7 years, concurrently with his federal sentence.

8. Powers filed an application for post-conviction relief, C.A. No. 99-CP-42-0047 ("PCR I") on January 11, 1999.

9. Eventually, with consent of Powers' appointed counsel, PCR I was dismissed without prejudice as Powers was in federal custody and unavailable for a hearing.

10. Powers' appeal was dismissed because PCR I was dismissed by consent order.

11. On September 23, 2003, Powers filed his second application for post-conviction relief. C.A. No. 03-CP-42-3474 ("PCR II").

12. On June 10, 2005, the Court in PCR II issued an order dismissing the application because it was time barred under the one year statute of limitations established by S.C. Code Ann. § 17-27-10, and it was barred by the doctrine of laches. The Court specifically found that "(t)he time delay was unreasonable and prejudicial to the Respondent. The 1984 guilty plea transcript would not have been available even when the Applicant filed his first application in 1999."

13. A notice of intent to appeal was filed by Powers' appointed counsel.[2] However, the appeal was dismissed by the South Carolina Supreme Court pursuant to Rule 227(c), as the notice "failed to show that there is an arguable basis for asserting that the determination by the lower court was improper."

14. The Remittitur was returned on August 8, 2005.

## Grounds for Relief

In his present petition, Powers asserts that he is entitled to a writ of habeas corpus from this court on the following grounds:

1. Trial counsel (Burnett) was ineffective because he failed to file a direct appeal after the 1984 guilty plea, as instructed;

2. His state conviction was obtained based on evidence acquired through an unlawful search and seizure; and

3. The state prosecutor failed to comply with the plea agreement.

## Discussion

Respondents do not address Powers' grounds for relief on the merits. Instead, they argue the petition is barred by the statute of limitations applicable to habeas actions filed in this court established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), by the doctrine of laches, and because the claims asserted are procedurally barred.

---

[2]This notice asserted that the dismissal based on the state statute of limitations and laches was in error.

A.     Statute of Limitations

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute, as amended, does not address a situation where a petitioner's conviction became final prior to the effective date of the AEDPA. In Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998), the Fourth Circuit addressed this issue and held that:

---

[3]Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> (A) prisoner whose statutory right to seek federal habeas relief accrued prior to the AEDPA must receive a reasonable period of time after the statute's effective date to file his petition.

The court went on to define "reasonable period" as the one year specified in the statute. Thus, petitioners whose convictions became final prior to the effective date of the AEDPA had until April 23, 1997 to file their petitions in this court.

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those race instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing the applicability of the doctrine. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

Since Powers was convicted in 1984 and no direct appeal was filed, his conviction became final years before the effective date of the AEDPA. Therefore, he was required to file his petition in this court by April 23, 1997. It was not filed until 2005. Powers did not file PCR I until January of 1999. His petition is clearly untimely.

Powers recognizes that his petition is untimely and seeks to invoke the doctrine of equitable tolling. See Petition, ¶ 18 and Petitioner's Memorandum at page 5. However, these discussions relate to the obstacles he encountered during the belated PCR process, not with filing a petition in this court.

The Fourth Circuit explained application of equitable tolling in Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir.1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Powers has not met this standard. He has alleged no interference on the part of respondents. His failure to timely file is due to his own inaction.

    B.    Laches

Respondents assert that the petition should be dismissed based on the equitable doctrine of laches. They cite Habeas Rule 9(a). Heretofore, Rule 9(a) embodied the doctrine of laches with respect to habeas cases. Alexander v. Maryland, 719 F.2d 1241, 1245-46 (4th Cir. 1983). The rule allowed dismissal if the State had been prejudiced in its ability to respond caused by petitioner's delay in filing, unless petitioner could show that he could not have known of the grounds alleged by exercise of due diligence before the occurrence of the circumstances which prejudiced the State. Vasquez v. Hillery, 474 U.S. 254 (1986). However, Habeas Rule 9 was amended in 2004 to delete the provisions of Rule 9(a) as they became unnecessary with the addition of the AEDPA's statute of limitations. Therefore, dismissal on the basis is not warranted.

C. Procedural Bar

Respondents assert that Powers' claims are procedurally barred because they have never been presented to the South Carolina Supreme Court for review. Further, the Court in PCR II specifically applied a procedural bar to these claims, and Powers' appeal was denied on this basis.

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[4]  If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims.  See Rose v. Lundy, supra.

        2.      Procedural bypass[5]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts.  If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition.  The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion.  The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could

---

[4] In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances.  See discussion below on procedural bypass.

[5] This concept is sometimes referred to as procedural bar or procedural default.  If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, supra, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

       3.    Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the

exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

        4.        Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocense.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), cert. denied, 485 U.S. 1000 (1988). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of

11

counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocense" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocense. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocense as to his guilt, Id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

5. Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocense. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Powers attempts to demonstrate cause and prejudice based on the ruling of the South Carolina courts which limited his ability to attack his state conviction when he was in federal custody. Apparently his motivation in challenging the state conviction is that 9 years later it was used to enhance his federal sentence. Powers ignores the fact that he had ample opportunity to timely attack his state conviction while he was in state custody. Powers has not shown due diligence and cannot meet the requirements to excuse default as discussed above.

## Conclusion

Based on a review of the record, it is recommended that respondents' motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

    Respectfully submitted,

    s/Joseph R. McCrorey
    United States Magistrate Judge

July 20, 2006

Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  \* \* \*  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  \* \* \*   We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  \* \* \*  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201