IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Grady W. Powers, #13358-074, ) | |
| ) | |
| Petitioner, ) | C.A. No. 3:05-3460-HMH-JRM |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| John J. LaManna, Warden, FCI- ) | |
| Edgefield; Attorney General, ) | |
| State of South Carolina, ) | |
| ) | |
| Respondents. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 of the District of South Carolina.[1]  Grady W. Powers ("Powers") is a pro se federal prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 (West Supp. 2006).  Magistrate Judge McCrorey recommends dismissing Powers' habeas corpus petition and granting John J. LaManna and Henry D. McMaster's[2] (collectively "Respondents") motion for summary judgment.  Powers filed objections to the Report and Recommendation.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (West Supp. 2006).

[2] Henry D. McMaster is the South Carolina Attorney General.

1

After review, the court adopts the Magistrate Judge's Report and dismisses Powers' petition as time-barred and procedurally barred.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Powers is currently incarcerated at FCI-Edgefield. On June 13, 1984, Powers pled guilty to possession of a sawed-off shotgun and drug offenses in Spartanburg County. Powers was sentenced to a term of three years' incarceration followed by five years' probation ("1984 conviction"). Powers did not appeal his conviction and sentence. Powers served his custodial sentence and was released to probation. On November 30, 1993, Powers was convicted in federal court of charges involving the sexual abuse of a minor and sentenced to 480 months' imprisonment. On January 5, 1995, Powers' state probation was revoked, and he was sentenced to serve seven years concurrently with his federal sentence. Powers filed an application for post-conviction relief on his 1984 conviction, C.A. No. 99-CP-42-0047 ("PCR I"), on January 11, 1999. The action was dismissed by consent order. On September 23, 2003, Powers filed a second application for post-conviction relief on his 1984 conviction, C.A. No. 03-CP-42-3474 ("PCR II"). On June 10, 2005, the Court of Common Pleas for Spartanburg County in PCR II issued an order dismissing the application because it was time-barred under the one-year statute of limitations established by S.C. Code Ann. § 17-27-45 (2003) ("Uniform Post-Conviction Procedure Act") and by the doctrine of laches. Powers filed a notice of intent to appeal, which was dismissed by the South Carolina Supreme Court because it "failed to show that there [was] an arguable basis for asserting that the

determination by the lower court was improper." S.C. App. Ct. R. 277(c) (2005). On December 8, 2005, Powers filed the instant petition pursuant to § 2254.[3]

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends granting the Respondents' motion for summary judgment because Powers' claim is (1) barred by the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and (2) procedurally barred.

## III. DISCUSSION OF THE LAW

The court has jurisdiction to hear habeas claims from persons who are "in custody pursuant to the judgment of a State court. . . ." 28 U.S.C. § 2254 (West Supp. 2006). The order revoking Powers' probation resulting from his 1984 conviction reimposed a seven-year sentence, which was to run concurrently with his federal sentence and begin on August 12, 1993. Consequently, the sentence from the 1984 conviction and any detainer filed against Powers by the South Carolina Department of Corrections presumably expired in 2000. If so, Powers is not "in custody pursuant to the judgment of a State court" for purposes of § 2254 and the court lacks jurisdiction to decide Powers' § 2254 petition. However, even assuming Powers is in custody for purposes of § 2254, his claim is barred for the reasons set forth below.

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v.

---

[3] Houston v. Lack, 487 U.S. 266 (1988).

Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Powers filed objections to the Report and Recommendation. After review, however, the court finds that the majority of Powers' objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely restate his claims. However, the court was able to glean two specific objections.

### A. Statute of Limitations

The AEDPA provides a one-year statute of limitations in which to file a federal habeas corpus petition. See 28 U.S.C. § 2244(d) (West Supp. 2006). Powers' conviction became final before the AEDPA's effective date of April 24, 1996. Therefore, his time for filing a § 2254 habeas petition expired on April 24, 1997. See Rouse v. R.C. Lee, 339 F.3d 238, 243 (4th Cir. 2003) ("For prisoners . . . whose convictions became final before the AEDPA was enacted, the one-year limitations period began to run on the AEDPA's effective date, and thus, they had until April 24, 1997, absent tolling, to file their federal habeas petitions.").

Despite clearly filing after this deadline, Powers asserts that the doctrine of equitable tolling should prevent his claim from being barred. (Objections 3.) "Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." Rouse, 339 F.3d at 246 (internal quotation marks omitted). Powers submits that equitable tolling should apply because (1) he did not realize that he had a cause of action until the 1984 state conviction was

used to enhance his sentence on his 1993 federal conviction, and (2) the state courts informed him that he could not attack his 1984 conviction due to the fact that he was in federal custody outside of South Carolina.  (Objections 2-3.)

"[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Additionally, Powers' allegation that he was prevented from filing for post-conviction relief while in custody is groundless, as it ignores the fact that Powers had nine years prior to his federal incarceration to challenge the 1984 conviction.  Furthermore, the only evidence in the record arguably supporting this allegation is the consent order dismissing PCR I due to Powers' out-of-state incarceration.  However, the PCR I application was not filed until January 11, 1999, after the AEDPA statute of limitations had already expired.  Further, there is no evidence which supports Powers' allegation that he attempted to file his first post-conviction relief application in 1996 and was prevented from doing so by the state of South Carolina.  (Objections 3.)  Finally, Powers makes no attempt to connect his difficulties in filing applications for state post-conviction relief with his delay in filing a petition for federal habeas relief.  In short, Powers makes no allegations of "extraordinary circumstances beyond his control" which, if true, would have prevented him from filing a federal claim within the time limits of the AEDPA.  Rouse, 339 F.3d at 246 (internal quotation marks omitted). Therefore, "it is indisputably clear . . . that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)."  Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

### B. Procedural Bar

Second, Powers objects to the Magistrate Judge's determination that his claim is procedurally barred. A claim is procedurally barred in a federal habeas petition if the person seeking relief forfeited the claim under a state procedural law. See Smith v. Murray, 477 U.S. 527, 533 (1986). Procedurally-barred habeas claims can only be heard by a federal court if the person seeking relief "succeeds in showing both cause for noncompliance with the state rule and actual prejudice resulting from the alleged constitutional violation." Id. (internal quotation marks omitted).

Powers asserts that he has suffered cause and prejudice to excuse the default because his counsel failed to appeal his 1984 conviction, and as a result of the unconstitutional sentence he has suffered prejudice. (Objections 8.) Powers' arguments are without merit. Powers offers no explanation for his failure to file an application for post-conviction relief before the expiration of the one-year statute of limitations found in the Uniform Post-Conviction Act and almost fifteen years after the 1984 conviction. In addition, Powers fails to address the apparent deficiencies in his notice of intent to appeal filed with the South Carolina Supreme Court. Further, Powers alleges that he is actually innocent. (Id. 7-8.) However, Powers fails to allege any facts to support such a claim. Therefore, the court finds that Powers' claim is procedurally barred. Based on the foregoing, the court adopts Magistrate Judge McCrorey's Report and Recommendation.

Therefore, it is

**ORDERED** that Powers' § 2254 petition is dismissed.

**IT IS SO ORDERED**.

                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
September 1, 2006

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.